The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES S. LONG,<br><br>　　　　　　　Defendant. | NO. 2:19-cr-00128-RAJ<br><br>ORDER DENYING DEFENDANT'S MOTION TO ADVANCE SENTENCING HEARING AND TO PROCEED BY VIDEOCONFERENCE |

　　　This matter comes before the Court on Defendant Charles Long's motion to advance his sentencing hearing and to proceed with sentencing by videoconference. Dkt. 50. The Court has considered the motion, the government's opposition, and the files and pleadings herein, and for the reasons set forth below hereby **DENIES** the motion.

## I. PROCEDURAL HISTORY

　　　On February 7, 2020, the defendant entered a plea of guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Sentencing is currently scheduled for September 25, 2020. The government expects to recommend 41 months, U.S. Probation has recommended 33 months, and the defendant anticipates recommending a sentence of time served. Given the nature of the offense, and the defendant's criminal history category of VI, the sentencing guidelines in this matter suggest a sentencing range of 33 to 41 months.

ORDER – 1

In-person sentencing hearings are not currently possible due to the COVID-19 emergency.  Pursuant to General Order 08-20, the courthouses in the Western District of Washington will not be open for such proceedings until at least August 3, 2020.  The defendant's motion requests the Court advance his September 25, 2020 sentencing hearing to an earlier date, and to conduct the hearing by videoconference.  Dkt. 50.

## II. DISCUSSION

Under ordinary circumstances a defendant "must be present" for a sentencing.  Fed. R. Civ. P. 43(c).  But these are not ordinary circumstances.  Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4).  The Chief Judge of this Court has made such an authorization.  General Order 04-20 (W.D. Wash. March 30, 2020).  Thus, a sentencing may be held by videoconference, but only upon a finding "for specific reasons that the sentencing . . . cannot be further delayed without serious harm to the interests of justice." CARES Act §15002(b)(2)(a); General Order 04-20 at 3.

The CARES Act presents a limited exception to what is ordinarily a mandatory requirement that a sentencing hearing be conducted in person.  Courts have been sparing in applying this exception.  Courts have granted remote hearings where the delay required for an in-person hearing would result in a defendant's detention beyond the range of applicable sentencing guidelines. *See*, *e.g. United States v. Collazo*, No. CR 2:19-00120, 2020 WL 1905293, at *2 (S.D. W. Va. Apr. 17, 2020) (defendants' time served exceeded guidelines); *United States v. Bustillo-Sevilla*, No. 20-CR-00021-VC-1, 2020 WL 1239669 (N.D. Cal. Mar. 15, 2020) (request for time served sentence).  Where longer sentences are expected,

ORDER – 2

however, courts have found that the interests of justice did not justify video-conferenced hearings. *See, e.g. United States v. Emory*, CR NO. 19-00109 JAO, 2020 WL 1856454, *2 (D. Haw. Apr. 13, 2020) (interests of justice did not require expediting sentencing where defendant had served eight months but potential guidelines range was 12 to 18 months); *United States v. Jones*, Criminal No. 19-225 (SRN/TNL), 2020 WL 1644257, *1 (D. Minn. Apr. 2, 2020) (denying defendant's motion for remote sentencing in part because delaying sentencing would not prejudice defendant in light of his guidelines range).

Here, the defendant indicates he will request a sentence of time served. Dkt. 50. The government argues the defendant does not meet the criteria set forth in the CARES Act to hold a sentencing hearing via videoconference, highlighting his extensive and serious criminal history, which includes a total of 14 convictions as a juvenile and another 14 convictions as an adult, not including the current offense at issue. The defendant's convictions include offenses such as assault, attempted robbery, carrying a dangerous weapon, drug trafficking, and felon in possession of a firearm. He has numerous violations of supervised release and a history of approximately 24 failures to appear.

While not forecasting what the ultimate sentence will be, the Court finds that given the defendant's criminal history and the applicable sentencing guidelines range, it is unlikely the Court will impose a sentence of time served. Accordingly, the Court finds that delaying sentencing will not cause harm to the interests of justice in this matter.

///
///
///
///
///
///
///
///
///

### III. ORDER

For the reasons set forth above, the defendant's motion does not identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Order 04-20. Therefore, it is hereby **ORDERED** that the defendant's motion to advance the sentencing date and to permit him to appear by videoconference at the sentencing is **DENIED**. The sentencing hearing in his matter remains scheduled for September 25, 2020, at 11:00 a.m.

DATED this 22nd day of July, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge